**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Nelson CARRILLO–GARCIA, a.k.a.
Nelso, Defendant–Appellant.**

**No. 2:11–cr–00334–GAF.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Jan. 8, 2013.

Curtis A. Kin, Esquire, Assistant U.S., Patricia Daffodil Tyminski, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff-Appellee.

Kathryn Ann Young, Federal Public Defender's Office, Los Angeles, CA, for Defendant-Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Nelson Carrillo–Garcia appeals from the district court's judgment and challenges the 60–month sentence imposed following his guilty-plea conviction for distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). We review unpreserved claims of procedural error for plain error and challenges to the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Carrillo–Garcia contends that the district court procedurally erred by (i) treating the Guidelines as mandatory, (ii) failing to consider all of the relevant 18 U.S.C. § 3553(a) sentencing factors and various mitigating arguments, (iii) failing to consider unwarranted sentencing disparities, and (iv) relying upon clearly erroneous facts. The district court understood its discretion under the advisory Sentencing Guidelines, considered Carrillo–Garcia's arguments in mitigation as part of its evaluation of the 18 U.S.C. § 3553(a) sentencing factors, expressly considered the issue of sentencing disparities, and did not rely upon clearly erroneous facts or otherwise procedurally err. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Carrillo–Garcia also contends that the district court impermissibly lengthened his sentence, in part, to enable him to obtain superior medical care. The record does not support the contention that the court lengthened Carrillo–Garcia's sentence in order to promote his health.

Carrillo–Garcia finally contends that his sentence is substantively unreasonable in light of his poor health and lack of criminal history. The sentence ten months below the Guidelines range is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Carrillo–Garcia's motion to preserve confidentiality in the disposition of this case is granted.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.